IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JULIAN VILLANUEVA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CICERO POLICE OFFICER LARA | ) | |
| (Star #205), CICERO POLICE | ) | |
| OFFICER SALDANA, CICERO | ) | |
| POLICE OFFICER EDWIN REYES, | ) | |
| UNKNOWN CICERO POLICE | ) | |
| OFFICERS, (collectively "Defendant | ) | |
| Officers"), and TOWN OF CICERO, | ) | |
| Defendants. | ) | Jury Trial Demanded |

## Complaint

NOW COMES Plaintiff, JULIAN VILLANUEVA ("Plaintiff"), by his attorneys, Law Office of Damon M. Cheronis, and complaining of Defendants, CICERO POLICE OFFICER LARA ("Officer Lara" (star no. 205), CICERO POLICE OFFICER SALDANA ("Officer Saldana"), CICERO POLICE OFFICER EDWIN REYES ("Lockup Keeper Reyes"), UNKNOWN CICERO POLICE OFFICERS, and TOWN OF CICERO, states as follows:

## Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331, 1343, & 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## Parties

4. Plaintiff, JULIAN VILLANUEVA, age 21, is a resident of the Town of Cicero, Illinois.

5. Officer Lara is and was at the time of the events complained of herein employed by the Town of Cicero as a Cicero Police Officer.

6. Lockup Keeper Reyes is and was at the time of the events complained of herein employed by the Town of Cicero as a Lockup Keeper for the Cicero Police Department.

7. Officer Saldana is and was at the time of the events complained of herein employed by the Town of Cicero as a Cicero Police Officer.

8. Unknown Cicero Police Officers are and were at the time of the events complained of herein employed by the Town of Cicero as Cicero Police Officers.

9. The Town of Cicero employed supervisors within the Cicero Police Department who were responsible for establishing codes of police conduct, rules, and supervision of other Cicero police officers

10. Town of Cicero is a duly incorporated municipal corporation in the State of Illinois and is the employer and principal of Defendant Officers. At all times material to this Complaint, Defendant Officers were acting under color of state law, ordinance, and/or regulation, statutes, custom and usage of the Town of Cicero.

## Background

11. On July 6, 2012, Plaintiff was walking down the street with his girlfriend, Jessica Trimarco, when Officer Lara pulled his Cicero police vehicle alongside Plaintiff.

12. Plaintiff was not violating any laws at this time.

13. Officer Lara then exited his official police vehicle, grabbed Plaintiff by his shirt, handcuffed Plaintiff, and forcibly put Plaintiff into Officer Lara's police vehicle. Officer Lara gave no explanation for his actions.

14. While putting Plaintiff in the police vehicle, Officer Lara placed his hand around Plaintiff's neck and began choking Plaintiff until Plaintiff was fully inside the police vehicle.

15. Officer Lara then transported Plaintiff to the Cicero Police Station.

16. While transporting Plaintiff, Officer Lara, intentionally and maliciously, accelerated to a high speed and then slammed on his breaks, so as to cause Plaintiff to project forward into the partition separating the backseat from the front seat. This action caused Plaintiff's head to smash against the

partition, causing Plaintiff pain and injury. Plaintiff was prevented from protecting himself because he was handcuffed behind his back.

17. When Plaintiff and Officer Lara arrived at the Cicero Police Station, Officer Lara placed Plaintiff in the booking and processing room.

18. While in the booking room, Defendant Officers, including Officer Lara and Lockup Keeper Reyes, began berating, taunting, and threatening Plaintiff.

19. Specifically, Lockup Keeper Reyes was yelling and swearing at Plaintiff and coming towards Plaintiff's body in an aggressive manner, causing Plaintiff to believe he was in danger of being struck.

20. When Plaintiff attempted to protect himself from Lockup Keeper Reyes, Defendant Officers rushed Plaintiff, knocked him to the ground with punches, and then punched and kicked Plaintiff as he laid on the ground.

21. A female Unknown Officer then struck Plaintiff, maliciously and without provocation or justification, in the side of his head with her knee as Plaintiff lay on the ground in handcuffs, so as to cause Plaintiff pain and bodily injury.

22. As a result of Defendant Officers' attack, Plaintiff suffered significant pain and bodily harm.

23. Defendant Officers then placed Plaintiff in a holding cell and held Plaintiff there for nearly twenty-four (24) hours without providing access to the bathroom, telling Plaintiff that he was not allowed to use the bathroom.

24. Because of the Defendant Officers conduct, Plaintiff was forced to urinate in the cell.

4

25. Plaintiff was released from the Cicero Police Department on the evening of July 7, 2012 after being charged with Battery, Assault, Resisting a Peace Officer, and Using Offensive Words or Gestures (a municipal ordinance violation).

26. Immediately after being released from the Cicero Police Station, Plaintiff and his mother went to MacNeal Hospital in Berwyn, Illinois to receive medical treatment for his injuries.

27. The above acts of the Defendant Officers were done with knowledge and approval of Defendant Officers supervisors.

## COUNT I
### Excessive Force Claim Pursuant to 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution

28. Plaintiff re-alleges each of paragraphs 1-27 as if fully stated herein.

29. As a result of Defendant Officers unlawful arrest and detention of Plaintiff, and the subsequent unjustified and excessive use of force by Defendant Officers, Plaintiff suffered pain and injury, as well as emotional distress.

30. As a result of Defendant Officers failure to intervene to prevent the unlawful detention and unjustified and excessive use of force by the Defendant Officers, Plaintiff suffered pain and injury, as well as emotional distress. Defendant Officers had a reasonable opportunity to prevent the harm had they been so inclined.

31. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

32. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

33. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Town of Cicero by its Police Department in that:

   a. As a matter of both policy and practice, the Cicero Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that is failure to do so manifests deliberate indifference;

   b. As a matter of policy and practice, the Cicero Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Cicero Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Cicero Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this

Court on a frequent basis, yet the Cicero Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. As a matter of policy and practice, the Cicero Police Department makes its officers aware that if there are no corroborating witnesses or evidence which support a complainant's version of the events in question, a complaint of excessive force will never be sustained against them;

e. The conduct was done with the knowledge and approval of supervisors of the Cicero Police Department;

f. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Cicero Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

g. The Town of Cicero has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

34. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

35. As a result of the unjustified and excessive use of force by Defendant Officers, Plaintiff has suffered pain and injury, including emotional distress, as well as financial damages.

7

## COUNT II
## False Arrest/Unlawful Detention Pursuant to 42 U.S.C. 1983 and the
## Fourth Amendment to the United States Constitution

36. Plaintiff re-alleges each of paragraphs 1-35 as if fully stated herein.

37. As described in the preceding paragraphs, one of more of Defendant Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

40. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

41. As a result of the unjustified violation of Plaintiff's rights by Defendant Officers, undertaken pursuant to the Town of Cicero's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## COUNT III
## Failure to Intervene Pursuant to 42 U.S.C. § 1983

42. Plaintiff re-alleges each of paragraphs 1-41 as if fully stated herein.

43. During the attack on Plaintiff, as described more fully above, one or more of Defendant Officers had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as forth above had they been so inclined, but

instead stood by without intervening to prevent the violence to which Plaintiff was subjected.

44. As a result of one or more of Defendant Officers failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

45. Defendant Officers' actions were undertaken intentionally with malice and willful indifference to Plaintiff's constitutional rights.

46. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

47. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cicero Police Department in the manner described more fully above.

## COUNT IV
## Substantive Due Process Claim Pursuant to 42 U.S.C. 1983 and the 14th Amendment to the United States Constitution

48. Plaintiff re-alleges each of paragraphs 1-47 as if fully stated herein.

49. In the manner described more fully above, Defendant Officers deprived Plaintiff of Due Process in violation of the 14th Amendment to the United States Constitution.

50. Defendant Officers' actions set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and willful indifference to Plaintiff's rights.

51. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cicero Police Department in the manner described in preceding paragraphs.

52. As a result of the above-described wrongful conduct, as well as the Town of Cicero's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

53. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT V
## State Law Claim: Conspiracy

55. Plaintiff re-alleges each of paragraphs 1-54 as if fully stated herein.

56. As explained in detail in the above paragraphs, some or all of Defendant Officers conspired with each other and/or with members of their department to cause damage to the Plaintiff in the following manner:

   a. Agreeing to falsely arrest and/or detain Plaintiff;

   b. Agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiff;

   c. Agreeing not to report each other after falsely arresting and/or detaining the Plaintiff;

   d. Agreeing not to generate reports documenting their conduct in order to cover-up their own and each other's misconduct; and

10

e. Agreeing to generate reports and other documents which omitted material facts relating to the arrest and detention and which contained patent falsities.

57. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

58. The aforementioned acts of Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above and the attendant injuries and emotion distress resulting therefrom.

## COUNT VI
## State Law Claim: Assault and Battery

59. Plaintiff re-alleges each of paragraphs 1-58 as if fully stated herein.

60. As described more fully in the preceding paragraphs, Plaintiff was attacked without justification or provocation.

61. The actions of the Defendant Officers during the arrest on the street and subsequent detention of Plaintiff at the police station, while acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contacts, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

62. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

63. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

64. As a result of the offensive touching, Plaintiff sustained bodily injuries, including, but not limited to, that Plaintiff was in reasonable apprehension that he was in considerable physical danger.

65. The misconduct described in this Count was undertaken by the Defendant Officers while acting within the scope of their employment such that their employer, Town of Cicero, is liable for their actions.

## COUNT VII
### State Law Claim: False Imprisonment

66. Plaintiff re-alleges each of paragraphs 1-65 as if fully stated herein.

67. Plaintiff was arrested and imprisoned by one or more Defendant Officers, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

68. The actions of Defendant Officers were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

69. As a result of the wrongful infringement of Plaintiff's rights, Plaintiff has suffered injury, including emotional distress.

70. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Town of Cicero, is liable for their actions.

## COUNT VIII
### State Law Claim: Malicious Prosecution

71. Plaintiff re-alleges each of paragraphs 1-70 as if fully stated herein.

72. As described more fully above, one of more of Defendant Officers commenced, caused to be commenced, and/or continued judicial proceedings against Plaintiff for which Defendants knew there was no probable cause, and the judicial proceedings terminated in Plaintiff's favor in a manner indicative of innocence.

73. The statements by Defendant Officers regarding Plaintiff's alleged culpability, made with the intent of exerting influence to institute and continue judicial proceedings, were made with knowledge that the statements were false and perjured. In doing so, the Defendant Officers fabricated evidence and withheld exculpatory information.

74. The Defendants Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

75. As a result of Defendant Officers' malicious prosecution, Plaintiff has suffered injury, including emotional distress and financial damages.

76. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Town of Cicero, is liable for their actions.

## COUNT IX
### State Law Claim: Respondeat Superior

77. Plaintiff re-alleges each of paragraphs 1-76 as if fully stated herein.

78. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Police Department for the Town of Cicero acting at all relevant times within the scope of their employment.

79. Defendant Town of Cicero is liable as principal for all torts committed by its agents.

## COUNT X
## State Law Claim: Indemnification

80. Plaintiff re-alleges each of paragraphs 1-79 as if fully stated herein.

81. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

82. Defendant Officers are, or were, employees of the Police Department for the Town of Cicero, who acted within the scope of their employment in committing the misconduct described herein.


WHEREFORE, Plaintiff, JULIAN VILLANUEVA, respectfully requests that this Court enter judgment in his favor and against Defendants, TOWN OF CICERO, and DEFENDANT OFFICER LARA, DEFENDANT OFFICER EDWIN REYES, DEFENDANT OFFICER SALDANA, and UNKNOWN DEFENDANT OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiff, JULIAN VILLANUEVA, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

14

Respectfully Submitted,


s/Damon M. Cheronis
Attorney for Plaintiff


DAMON M. CHERONIS
Law Office of Damon M. Cheronis
53 West Jackson, Suite 1750
Cicero, Illinois 60604
312-663-4644