IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

JULIAN VILLANUEVA,                )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    No.  12 C 8778
                                  )
TOWN OF CICERO, et al.,           )
                                  )
              Defendants.         )

                           MEMORANDUM ORDER

     At the May 15 status hearing in this action, this Court granted the oral motion of counsel for plaintiff Julian Villanueva to file the Amended Complaint that counsel had announced was contemplated, and this Court contemporaneously ordered defendants to file an answer or otherwise plead to the Amended Complaint within 21 days after receipt of that pleading by their counsel.  As the final oral order entered at that May 15 hearing, August 14 was set as the next status hearing date in contemplation that the parties would utilize the intervening three months to pursue appropriate discovery.

     That oral order--one that conformed to the express request by Villanueva's counsel--could not have been more plain.  Yet no pleading by either side has come to this Court's chambers in the interim.  This Court's current review of the docket, however, reveals that Villanueva's First Amended Complaint was indeed filed on May 28, while defendant's Answer was filed on June 24, but both sides' counsel have blithely ignored the requirements of

this District Court's LR 5.2(f), fortified by the clear directive with which this Court's website opens.  As this Court has forewarned in that website:

    1.  Each side is ordered to deliver the Judge's Copy of its pleading referred to in the preceding sentence to this Court's chambers forthwith.

    2.  Each delivery must be accompanied by a check for $100 payable to the "Clerk of the District Court" by reason of counsel's noncompliance with direct court orders, and counsel may <u>not</u> seek reimbursement from the client or clients for that payment occasioned by counsels' own violation.

                                         _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date:  July 3, 2013