IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIAN VILLANUEVA,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    No.  12 C 8778
                              )
CICERO POLICE OFFICER LARA    )
(Star #205), et al.,          )
                              )
          Defendants.         )

MEMORANDUM ORDER

Because both sides in this 42 U.S.C. §1983 ("Section 1983") action had failed to comply with this District Court's LR 5.2(f) that requires delivery of paper copies of court filings to the assigned judge's chambers,[1] this Court issued a brief memorandum order requiring each side to cure that omission and pay a small fine because of the LR violation.  Counsel for plaintiff Julian Villanueva has complied by (1) delivering a copy of his First Amended Complaint ("FAC") filed on May 28, 2013 and (2) making the required payment, while defense counsel has delivered a copy of defendants' just-filed (on July 10) Answer to the FAC and has committed to making the required payment as soon as the appropriate fiscal officer returns to duty.  This memorandum order is issued sua sponte because of a problematic aspect of that Answer.

---

[1] That requirement varies from judge to judge, depending on whether the judge does or does not maintain chambers files requiring such paper documentation.

As is typical in Section 1983 actions charging constitutional violations by police officers and seeking to impose responsibility on their municipal employers as well, in large part the Answer comprises a whole series of denials. But in two instances the defendant officers and the Town of Cicero have asserted the disclaimer provided for in Fed. R. Civ. P. ("Rule") 8(b)(5). Here are the disclaimed allegations:

> 10...At all times material to this Complaint, Defendant Officers were acting under color of state law, ordinance, and/or regulation, statutes, custom and usage of the Town of Cicero.

> 30. Judge Stanley Hill subsequently denied the petition to reinstate the criminal prosecution, specifically finding that the purpose of reinstatement was to harass Plaintiff.

As to the first of those (responding to the second sentence of Complaint ¶10), this Court is not troubled by a number of flat-out denials elsewhere in the Answer of allegations that are pretty much the equivalent of what was at common law termed as a "negative pregnant"--for example, an allegation that when an officer allegedly engaged in unconstitutional conduct (which is denied) that officer was acting in the course of his or her employment (something that is true as to whatever actions were taken by the charged officer). But that does not excuse a Rule 8(b)(5) disclaimer as to the quoted second sentence of Complaint ¶10.

As for Answer ¶30, what State Judge Hill found or did not

2

find is so readily ascertainable that a Rule 8(b)(5) disclaimer requires the responding party to emulate the three monkeys of legend. This Court expects more forthrightness on the part of defendants and their counsel.

Accordingly the two portions of the Answer discussed here are stricken. Leave is of course granted to file an appropriate amendment to the Answer (not a self-contained Amended Answer requiring a total do-over) on or before July 22, 2013. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 11, 2013